UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GERALD P. ZIECHE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-07-3985 |
| | § | |
| BURLINGTON RESOURCES INC. | § | |
| EMPLOYEE CHANGE IN CONTROL | § | |
| SEVERANCE PLAN, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION AND ORDER

Pending before the Court is Plaintiff Gerald P. Zieche's motion for reconsideration (Doc. 72) of the Court's opinion and order (Doc. 70) of March 1, 2011, granting summary judgment for the Defendants Burlington Resources Inc. Employee Change in Control Severance Plan ("Burlington"), ConocoPhillips, and Wachovia Bank, N.A. ("Wachovia").

In his motion for reconsideration, Zieche contends that the Court's decision was based on "manifest errors of law" requiring reconsideration. Doc. 72 at 1. Regarding his claims against ConocoPhillips, Zieche contends that the Court improperly ignored his requests for additional discovery, incorrectly concluded that the increase in his bonus percentage and ConocoPhillips' payment of Zieche's bonus precluded a finding that he resigned from ConocoPhillips for "good reason," and ignored Zieche's argument that ConocoPhillips reduced his position, thereby giving him "good reason" to resign. Zieche also alleges that the Court improperly denied Zieche's motion for discovery on his claims for denial of severance benefits against Burlington and Wachovia and applied an improper "abuse of discretion" standard to its review of Defendants' allegedly conflicted employment decisions.

Upon consideration of the motion, Defendants' responses, the record of the case, and the applicable law, the Court finds that Zieche's motion lacks merit and should be denied.

Background

The Court laid out a detailed discussion of the background of this case in its opinion and order granting summary judgment for the Defendants. Relevant to this opinion on Zieche's motion for reconsideration is the fact that Zieche worked as a geologist for Burlington Resources, Inc. from 1981 until he resigned in 2006. As an employee, Zieche participated in the "Burlington Resources Inc. Employee Change in Control Severance Plan[;]. . . a plan established by Burlington Resources Inc. for the benefit of its employees in a change of control of the company, subject to the provisions of the ERISA." Doc. 1 at 3.

In anticipation of the purchase of Burlington Resources by ConocoPhillips, Burlington Resources amended the plan to bind a successor to the severance plan and to provide "that a participant was entitled to a specified severance benefit if the participant's employment was terminated within two years after the change in control, subject to certain conditions" including the participant's resignation for "good reason." *Id.* at 5. The plan defined "good reason" to include "a reduction in the participant's annual base salary or a material reduction in benefits provided employees immediately prior to the change in control," "a change in the participant's position or responsibilities which represents a substantial reduction in the participant's position or responsibilities immediately prior thereto, except in connection with the termination of the participant's employment...by the participant other than for good reason."

On March 31, 2006, ConocoPhillips completed its purchase of Burlington. *Id.*

On March 28, 2006, ConocoPhillips sent Zieche a letter informing him of its desire to retain him as an employee, that he would retained as a "Manager, Eastern U.S. Exploration" at

ConocoPhillips' Salary Grade Level 19. In another letter sent the same day, "ConocoPhillips informed Mr. Zieche that his salary was in excess of the maximum salary range for his assigned grade level, making him ineligible for salary and certain benefit increases in subsequent years, until the salary range was increased beyond his salary." *Id.* at 6.

ConocoPhillips sent Zieche a letter on March 31, 2006 stating that ConocoPhillips would pay Zieche "a retention bonus of $152,200 if he continued his employment for one year" and included a provision stating that Zieche "still would be paid the bonus if he resigned from the company for good reason." *Id.* The letter defined "good reason" to include "any reduction in . . . [Zieche's] annual rate of base salary from . . . [his] annual rate of base salary" and "any reduction in your target bonus opportunity percentage". *Id.*

On August 15, 2006, Zieche gave ConocoPhillips notice of his resignation and applied for benefits under the plan and for his retention bonus, claiming that he was terminating his employment for "good reason" as defined in the plan and in the retention letter. Doc. 48-11 at 9

Wachovia, as trustee of the plan, denied Zieche's application for severance benefits, finding that Zieche had not suffered a material reduction in benefits or position and therefore had not resigned for good reason under the terms of the plan. Doc. 48-15 at 4-5. ConocoPhillips denied Zieche's request for the retention bonus, finding that Zieche had not resigned for good reason under the terms of the retention letter. Doc. 48-16 at 2-3.

On November 26, 2007, Zieche filed suit in this Court to recover severance benefits from the plan under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132(a)(1)(B). He also alleged a breach of contract claim against ConocoPhillips from its denial of his retention bonus.

On March 1, 2011, this Court granted summary judgment for the Defendants. Doc. 70. Zieche now moves for reconsideration of that order. Doc. 72.

Standard of Review

Although Plaintiff fails expressly to invoke the provision governing motions for reconsideration, such motions are generally considered cognizable under either Federal Rule of Civil Procedure 59(e), as motions "to alter or amend judgment," or under Rule 60(b), as motions for "relief from judgment." *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990). "Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* (*citing Harcon Barge Co. v. D & G Boat Rentals*, 784 F.2d 665, 667 (5th Cir.1986) (*en banc*). Here, Zieche filed his motion for reconsideration on March 23, 2011, more than 10 days after March 1, the date this Court entered final summary judgment for the Defendants. *See* Docs. 70, 71, 72. Because Zieche brought his motion for reconsideration more than ten days after the entry of judgment, the Court properly considers the motion under the stricter limitations of Rule 60(b).

Under Rule 60(b), the Court may grant relief from a final judgment when the movant adequately shows: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . .; (4) [that] the judgment is void; (5) [that] the judgment has been satisfied, released or discharged . . .; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). The district court enjoys considerable discretion when determining whether the movant has satisfied these standards. *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991).

Zieche asserts he is entitled to reconsideration because the Court's entry of summary judgment for the Defendants "was based on manifest errors of law." Doc. 72 at 1. The argument

falls under Rule 60(b)(1).

### Zieche's Claims Against ConocoPhillis

#### 1. Zieche's Request for Additional Time for Discovery

Zieche asserts that he "should have been permitted to conduct additional discovery on matters material to the court's consideration of the motions" before the Court ruled on Defendants' motions for summary judgment. Doc. 72 at 2. A Rule 56(f) continuance would have enabled Zieche to conduct further discovery "to support . . . [his] contention that the scope of his job responsibilities was reduced" and "to support . . . [his] contentions of conflict of interest and the adverse effect on plaintiff's pay and scope of responsibilities." *Id.*

Zieche filed his complaint in the Southern District on November 26, 2007 (Doc. 1) and produced a joint discovery and case management plan on April 1, 2008. Doc. 19. The first scheduling order in this case, issued on April 1, gave the parties until October 3, 2008 to complete discovery.Doc. 22. An amended scheduling order, issued on February 2, 2009, gave the parties until May 22, 2009 to complete discovery. Doc. 27. After the case was reassigned to this Court on September 17, 2009, a new scheduling order gave the parties until February 15, 2010 to complete discovery and March 12, 2010 to file dispositive motions. Doc. 45.

Despite the lengthy period available in which to conduct discovery, Zieche alleges that he "timely served discovery on all defendants, but agreed to defer the responses pending efforts at [non-judicial] resolution" (Doc. 54 at 12) and that the Defendants therefore did not respond to his discovery requests "until the period March 1 to March 10, 2010." *Id.* Zieche did not file a motion to compel discovery prior to or contemporaneously with his response to Defendants' motions for summary judgment. Zieche asserted in his responses to the Defendants' motions for summary judgment and again in his motion for reconsideration that the delay in Defendants'

responses entitled him to a continuance under Rule 56(f).

"Rule 56(f) authorizes a district court to 'order a continuance to permit affidavits to be taken or depositions to be taken or discovery to be had,' if the non-movant files affidavits showing that he or she 'cannot for reasons stated present by affidavit facts necessary to justify the party's opposition.'" *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006) (quoting *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir.1992)).

To be entitled to a continuance, the non-movant must show with specificity (1) why he needs additional discovery and (2) how that discovery will create a genuine issue of material fact. The non-movant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts in opposition to summary judgment." *Access Telecom, Inc. v. MCI Telecommunications Corp.*, 197 F.3d 694, 720 (5th Cir. 1999) (citing *Daboub v. Gibbons*, 42 F.3d 285, 288 (5th Cir. 1995)).

In support of his motion for continuance under Rule 56(f), Zieche submitted the affidavit of his attorney, David T. Lopez, in which Mr. Lopez requests additional time to "conduct any depositions, and obtain affidavits *responding to the issues raised in the motion*." Doc. 54 at 15 (emph. added). The discovery, "would [have] include[d] obtaining affidavits from Zieche's peers and supervisor at Burlington and deposing [ConocoPhillips]." *Id.* The affidavit did not identify on which "issues" the requested discovery would create a genuine issue of material fact nor the allegations that would be supported by discovery evidence; instead it contained vague assertions of unspecified facts. Such general statements do not satisfy the specificity requirements of Rule 56(f).

Because Zieche was not entitled to a Rule 56(f) continuance, the Court's failure to grant

his request for a continuance was not a clear legal error requiring reconsideration.

On August 2, 2011 Zieche filed an Advisory to the Court, which indicated that the Fifth Circuit Court of Appeals had just issued an opinion that supported his position on the discovery issue. (Doc. 77).  The issue in this case was one of timing.  Should Plaintiff be allowed time to conduct discovery before being required to respond to the Defendants' motions for summary judgment.  The new Fifth Circuit case, *Crosby v. Louisiana Health Services & Indemnity Co.*, 647 F.3d 258 (5th Cir. 2011) was a question of whether the magistrate judge had abused her discretion in limiting the scope of the plaintiff's discovery an ERISA case.  Judge DeMoss found, "The magistrate judge. . .denied Crosby's motion based on an erroneous view of the scope of admissible and discoverable evidence in ERISA actions."  The abuse of discretion prejudiced Crosby's ability to establish certain admissible facts that were outside the administrative record.  *Crosby*, 647 F.3d at 264.  The *Crosby* case has no bearing upon the discovery issue in the instant case.

### 2. Zieche's Purported Salary Reduction

Zieche contends that the Court erred when it concluded that "there was no reduction in Zieche's salary or bonus percentage" that would constitute "good reason" for his resignation. Doc. 70 at 8, 9. The Court relied on the fact that Zieche received "his full 2006 performance bonus" after he began working at ConocoPhillips and that the bonus percentage increased from 30% in 2005 to 40% in 2006 as proof that Zieche did not suffer a reduction in salary.

Zieche contends that an increase in his bonus is irrelevant to a determination of whether his salary was reduced because a "bonus is not part of the salary," but is instead "something in addition to what is expected or strictly due." Doc. 72 at 4. Additionally, Zieche alleges that "the [C]ourt's analysis ignores the specific provisions of the retention agreement," which defines

"good reason" to include "**any** reduction from your annual **rate** of base salary." *Id.*

Initially, although Zieche alleges that ConocoPhillips reduced his salary, he introduced no summary judgment evidence to support this contention. In his Response to ConocoPhillip's Motion for Summary Judgment, Zieche repeatedly asserts that, in his new position at ConocoPhillips, he would "not be eligible for annual merit salary *increases*" as he had previously received at Burlington. Doc. 54 at 4 (emph. added). The summary judgment evidence before the Court included Zieche's deposition, in which he admitted that his salary "*remained the same* . . . up to the time [he] resigned from ConocoPhillips." Doc. 48-1 at 50 (emph. added). Nevertheless, Zieche argues that the Court unnaturally should read the word "reduce" in the retention agreement to mean "not increase," rather than interpreting the word according to its plain meaning. The Court does not agree with this reasoning, and Zieche has introduced no evidence to convince the Court otherwise.

Likewise, Zieche's argument that his bonus was "reduced" because "the effective diminution of plaintiff's ConocoPhillips salary . . . necessarily also resulted in a lower bonus payment" (Doc. 72 at 5) is unavailing. Whether Zieche's bonus percentage increased or remained the same during his employment with ConocoPhillips, Zieche did not and cannot point to any evidence in support of his claim that his bonus was *reduced*. He cannot, therefore, demonstrate that the Court's previous conclusion constituted a manifest error of law that would entitle him to reconsideration of the order.

### 3. Zieche's Alleged Reduction in Position

In support of his claims that ConocoPhillips reduced his pay, Zieche claimed that "the reductions which warranted . . . [his] resignation were not accidental or unintentional." Doc. 54 at 10. In his motion for reconsideration, Zieche asserts that the Court's failure to address his

claims that ConocoPhillips "intentionally placed . . . [him] in a position that improperly was lower than that to which . . . [he] had been promoted at Burlington" justifies reconsideration. Doc. 72 at 5, 6.

It does not appear that Zieche alleged that the reduction in position was, by itself, a violation of the retention agreement. Nor could he, as the retention agreement does not list "reduction in position" as "good reason" for resignation. Instead, Zieche alleged that the purported demotion evidences ConocoPhillip's intent to reduce Zieche's salary.

Because the Court correctly determined that ConocoPhillips did not reduce Zieche's salary, ConocoPhillip's intent is irrelevant. The Court's previous failure to address Zieche's contention that ConocoPhillips intentionally placed Zieche in a position lower than the one had held at Burlington was not in error.

<u>Zieche's Claims Against Burlington and Wachovia.</u>

<u>1. Applicable Standard of Review</u>

Zieche contends that the Court improperly applied an "abuse of discretion" standard when reviewing Wachovia's denial of Zieche's severance benefits. Doc. 72 at 6. Zieche raised this concern in his original complaint (Doc. 1 at ¶¶ 2.3, 4.28-31) and again in his response to Wachovia and Burlington's motion for summary judgment. Doc. 55. In his response, Zieche requested a continuance under Rule 56(f) for additional time to conduct discovery relating to this issue; specifically, discovery of financial information which Zieche had previously requested and to which Wachovia had objected. Doc. 55 at 4 ("Wachovia objected to providing information about financial dealings with [ConocoPhillips].").

As the Court stated above, motions for continuance under Rule 56(f) must show a need for specific additional information creating a genuine issue of material fact. Here, as above, the

affidavit attached to Zieche's motion did no more than advance vague assertions of unspecified facts that failed to meet the standard of Rule 56(f). Additionally, Zieche did not file a motion to compel discovery of the material to which Wachovia and Burlington objected that would demonstrate that he had been diligently conducting discovery efforts. He was not, therefore, entitled to a continuance under Rule 56(f).

Consistent with Supreme Court precedent established in *Firestone Tire and Robber Co. v. Bruch*, this Court considered the denial of benefits under an abuse of discretion standard. 489 U.S. 101, 110, 114 (1989) ("Trust principles make a deferential standard of review appropriate when a trustee exercises discretionary powers."). Assuming a conflict of interest did exist, which the record before the Court did not clearly reflect, the Court must consider the conflict as a "factor in determining whether there is an abuse of discretion." *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008). On review of the summary judgment evidence before it, the Court determined that "there was no material reduction in Zieche's position, responsibilities, or benefits, as of the date of Zieche's voluntary termination." Doc. 70 at 10. Zieche has identified no reason why the single "factor" would be dispositive against that evidentiary record. The Court's finding that Wachovia did not abuse its discretion when it denied Zieche's claims was not in error.

Conclusion

Because Zieche has failed to demonstrate sufficiently compelling reasons for reconsideration under Rule 60(b), the Court hereby

**ORDERS** that Plaintiff Gerald P. Zieche's Motion for Reconsideration (Doc. 72) is **DENIED**. Plaintiff's motion for an oral hearing (Doc. 81) is MOOT.

SIGNED at Houston, Texas, this 6th day of March, 2012.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE